B. A. Bittan, and Bittan, Inc., v. The Atlantic National Bank of Jacksonville.

157 So. 26.
Division B.
Opinion Filed October 15, 1934.

*Dame & Rogers,* for Appellants;

*Valz & Wise,* for Appellee.

BUFORD, J.—The appeal in this case is from an order striking answers and counter claims interposed in a suit for partition. The complainant in the partition suit was the purchaser at foreclosure sale of an undivided one-half interest in property sought to be partitioned and acquired by Master's deed fee simple title to such undivided one-half interest in such property. The property consisted of a certain lot. of land located in Stuart, Florida, on which the former owners had erected an apartment house containing fifty-seven apartments. The apartment house was erected by the then owners of the property, J. E. Taylor and B. A. Bittan, who each owned an undivided one-half interest in the property. Bittan at first owned the property and, being joined by his wife, had conveyed a fee simple undivided one-half interest in same to Taylor. Thereupon Bittan and Taylor erected the apartment house and after it was erected proceeded to operate it jointly.

On the 4th day of March, 1927, Taylor joined by his wife,

executed a mortgage to Atlantic National Bank of Jacksonville to secure an indebtedness from himself to the bank in the sum of $37,500.00. The mortgage was due one year after date but became in default.

On the 15th day of August, 1927, Taylor and his wife conveyed the undivided one-half interest to Taylor in this property to a corporation called Taylor Corporation, subject to the mortgage held by the bank. Then on the 27th day of September, 1927, B. A. Bittan, joined by his wife, conveyed the undivided one-half interest of the property belonging to Bittan to a corporation called Bittan Incorporated and thereafter Taylor and Bittan continued to conduct and manage the affairs of the apartment house.

Now the answers and counterclaims interposed allege that while Bittan and Taylor operated the apartment house certain expenses were incurred for necessary repairs and for employment of persons necessary to the operation of the house and that Taylor became indebted to the owners of the apartment house in a large sum of money for rent of apartments occupied by Taylor and asserted the right to a lien against the property for the indebtedness. We conceive it to be clearly apparent that if Bittan advanced money for necessary repairs on the building prior to the execution and delivery of the mortgage by making such repairs he acquired the right to a lien on the undivided one-half interest of Taylor for one-half of the expenses of such repairs, but, for this lien to be operative against the mortgagee it would have been necessary for the mortgagee to have had notice. However, such a lien could not in any event now exist in favor of Bittan because the record shows that the mortgage was executed on March 4, 1927, and the counterclaim was not filed until after the bill for partition was filed, which was on January 24, 1933. Therefore, if Bittan had ever ac-

quired a lien upon the interest of Taylor and had made no move to enforce that lien within one year after the advances were made or within one year after filing of notice of claim of lien as required by statute, the lien would become *functus officio* and no longer of any force or effect. We have found no authority whatever and neither have we been cited to any which would warrant the holding that the other advances claimed to have been made by Bittan would operate to create a lien on the property without a definite and legally binding agreement between the parties for such a lien to be thereby created and even such an agreement as between Bittan and Taylor could not create a lien prior in dignity to that created by the mortgage.

It appears to us that a statement of the case is all that is necessary to show that the order striking the answers and counter claims interposed by Bittan and Bittan Incorporated, a corporation, was without error and, therefore, should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS, and TERRELL, J. J., concur in the opinion and judgment.